Harold David **HAYES**, Defendant below, Appellant,

v.

**STATE** of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Feb. 8, 1977.

Decided March 17, 1977.

Revised March 31, 1977.

Karl Haller, Asst. Public Defender, Georgetown, for defendant below appellant.

Merritt Burke, III, Deputy Atty. Gen., Georgetown, for plaintiff below appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant was convicted in the Superior Court of feloniously receiving stolen property, in violation of 11 *Del.C.* § 851, and misdemeanor theft, in violation of 11 *Del.C.* § 841.* He appeals only from the sentence for the felony, arguing that the evidence of valuation of the property was not sufficient proof to meet the State's burden. We agree.

Under § 851, as it existed prior to amendment, the dividing line between felony and misdemeanor was "$100 or more." In other words, to convict of the felony the State was obliged to prove beyond a reasonable doubt that the stolen property defendant allegedly received was valued at $100 or more. The manner of determining valua-

tion is governed by 11 *Del.C.* § 224, which states in part:

"Whenever the value of property is determinative of the degree of an accused's criminal guilt or otherwise relevant in a criminal prosecution, it shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if that cannot be satisfactorily ascertained, the cost of replacing the property within a reasonable time after the crime.

. . . . .

(3) When the value of property cannot satisfactorily be ascertained pursuant to the standards set forth in subdivisions (1) and (2) of this section, its value shall be deemed to be an amount less than $100."

The record made at trial shows that the State offered testimony as to the value of the items stolen, or some of them, but the evidence, whether taken on an individual item basis or cumulatively, did not establish that the "market value of the property at the time and place of the crime" or the "cost of replacing the property within a reasonable time after the crime" was $100 or more.

It follows, therefore, that the judgment of a felony conviction under 11 *Del.C.* § 851 must be reversed and the sentence vacated under a mandate to enter a class A misde-

---

* At the time of the commission of the offense and trial 11 *Del.C.* § 851 provided as follows:

"A person is guilty of receiving stolen property if he intentionally receives, retains, or disposes of property of another person with intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under the circumstances amounting to theft, or believing that it has been so acquired.

Receiving stolen property is a class A misdemeanor unless the value of the property received, retained, or disposed of is $100 or more, or unless the receiver has twice before been convicted of receiving stolen property, in which case it is a class E felony."
11 *Del.C.* § 841 provided:

"A person is guilty of theft when he takes, exercises control over or obtains property of another person intending to deprive him of it or appropriate it. Theft includes the acts described in §§ 842 through 846.

A person is guilty of theft if he, in any capacity legally receives, takes, exercises control over, or obtains property of another which is the subject of theft, and fraudulently converts same to his own use.

Theft is a class A misdemeanor, unless the value of the property is $100 or more, in which case it is a class E felony."
Both statutes were subsequently amended, effective July 21, 1976, increasing the felony-misdemeanor value distinction from $100 to $300. 60 *Del.L.*, c. 590, §§ 2, 4.

meanor conviction under § 851 and to impose sentence thereon.

Reversed.